# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 17-411V
Filed: April 17, 2019
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ROSE JOHNSON, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Attorneys' fees and costs decisions; reasonable attorneys' fees and costs

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Amber D. Wilson, Washington, DC, for petitioner.
Lara A. Englund, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 23, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that the influenza ("flu") vaccine she received on October 9, 2014 caused her chronic myopericarditis.

On November 8, 2019, the parties filed a stipulation in which they agreed to settle this case. On the same day, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation. On November 13, 2018, the parties filed a joint notice not to seek review. On November 14, 2018, judgment entered.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On January 17, 2019, petitioner filed an application for attorneys' fees and costs, requesting $34,597.50 in attorneys' fees and $2,278.01 in attorneys' costs, for a total request of $36,875.51.  Petitioner did not incur personal costs related to the litigation of this matter.

On January 28, 2019, respondent filed a response to petitioner's motion.  Doc 45. Respondent stated that, to the extent petitioner's motion requires a response from respondent since neither the Vaccine Act nor Vaccine Rule 13 explicitly requires respondent file a response, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 1-2.  Respondent respectfully requested that the undersigned exercise her discretion to determine a reasonable award for attorneys' fees and costs.  Id. at 3.

On January 30, 2019, petitioner filed a reply to respondent's response to petitioner's motion for attorneys' fees and costs, consisting of criticism of respondent for not fully participating in the evaluation of petitioner's application for attorneys' fees and costs beyond saying that petitioner should receive them.

This matter is now ripe for adjudication.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Avera v. Sec'y of HHS, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."  Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F.3d at 1349).  For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.  See McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).  Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

It is firmly established that billing for clerical and other secretarial work is not permitted

in the Vaccine Program.  Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services ... should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  Additionally, the undersigned has previously found it reasonable to reduce the fees paid to petitioners due to billing for intra-office communication.  Soto v. Sec'y of HHS, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); Carcamo v. Sec'y of HHS, No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees rates to be acceptable and in conformance with what other special masters have awarded Maglio Firm attorneys and paralegals.

After reviewing the billing records, the undersigned finds that counsel included entries that are deemed excessive and duplicative.  Counsel requested an award of fees for time where both attorneys and paralegals billed for reviewing the same orders.  Notably, some of the orders that were double-billed were straightforward orders concerning future filing dates.  This task does not take 0.1 hour to review nor does it require both an attorney and paralegal to complete.  There were duplicative billing entries for review of the same orders on March 30, 2017, April 6, 2017, June 7, 2017, July 24, 2017, November 22, 2017, March 7, 2018, April 18, 2018, May 30, 2018, June 29, 2018, July 30, 2018, August 29, 2018, September 4, 2018, September 6, 2018, October 30, 2018, November 2, 2018, and November 8, 2018.  Moreover, there were duplicative billing entries for both attorney and paralegal attending the same client telephone conference on August 7, 2018.  These duplicative billing entries result in **a deduction of $427.70** of the fee award.

The undersigned finds the attorneys' costs requested reasonable.  Petitioner did not incur any personal costs related to the litigation of this case.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.  The undersigned awards **$36,447.81**, representing $34,169.80 in attorneys' fees and $2,278.01 in attorneys' costs, in the form of a check made payable jointly to petitioner and Maglio Christopher and Toale, PA.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>April 17, 2019</u>                                        <u>/s/ Laura D. Millman</u>
                                                                   Laura D. Millman
                                                                   Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.